[No. B002042. Second Dist., Div. Six. July 10, 1984.]

JOSE GUZMAN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
UNION OIL COMPANY OF CALIFORNIA et al., Respondents.

COUNSEL

Ghitterman, Hourigan, Grossman, Finestone & Schumaker, and Luis I. Gomez for Petitioner.

Jones, Nelson, Sisk & Ford, Jones, Nelson, Ford & Haley and Kennis T. Jones for Respondents.

OPINION

STONE, P. J.—Petitioner José Guzman seeks review of the order of respondent Workers' Compensation Appeals Board denying reconsideration of its order rescinding the award and findings of the workers' compensation judge that Guzman was an employee of respondent Union Oil Company of California (Union) pursuant to Labor Code section 3360 when he sustained injury to his right foot.[1] As we shall explain, petitioner is entitled to relief.

In July 1972 applicant Guzman's "regular" employment consisted of pruning trees for Griffin Company; his cousin Valle was employed as head gardener at the Miramar Hotel. Valle also contracted for extra piecework on weekends unrelated to his or applicant's regular employment. On three or four occasions prior to July 25, 1982, applicant helped Valle perform work on such contracts, which "generally took half day or less."

---

[1]All further section references herein are to the Labor Code unless otherwise noted.

Valle submitted a successful bid to Mr. Goodwin, Union's Santa Barbara representative, to prune trees at Rick Shields' Union 76 station in Montecito. Valle agreed to split the profits from the Union job "50/50" with applicant. Valle engaged applicant's services because applicant was an "expert" tree pruner. Valle provided tools, and applicant used his own chain saw. On Sunday, July 25, 1982, while pruning trees at the Union station, applicant fell from a ladder and injured his right foot. Neither applicant nor Valle maintained workers' compensation insurance; Union never requested evidence of such insurance despite Union's solicitation of bids for the pruning work.

Mr. Goodwin testified that he was responsible for seeing that the work was done before Union paid for it; however, no representative of Union supervised the work in progress, although Union dealer Shields could halt the work if it was not being done properly. After the work was done, Goodwin inspected it and approved payment.

The workers' compensation judge (WCJ) found that when applicant sustained the injury he was an employee of Union pursuant to Labor Code section 3360, which provides as follows: "Workmen associating themselves under a partnership agreement, the principal purpose of which is the performance of the labor on a particular piece of work are employees of the person having such work executed. In respect to injuries which occur while such workmen maintain in force insurance in an insurer, insuring to themselves and all persons employed by them benefits identical with those conferred by this division the person for whom such work is to be done is not liable as an employer under this division."

In his opinion on decision, the WCJ stated: "It is clear that [Union] exercised no control over the partnership services and [was] not aware of the existence of the partnership. Nevertheless, under the clear unambiguous language of Labor Code section 3360, this Court has no choice but to find applicant an employee of [Union]. . . . [S]uch a result is clearly mandated by the Legislature."

On reconsideration, the Workers' Compensation Appeals Board (WCAB) rescinded the WCJ's findings, concluding that (1) although Union had the burden of proving that applicant was an independent contractor, applicant "admitted to the independent contractor status," (2) section 3360 should not be interpreted to award benefits to a partnership that was an independent contractor, and (3) even if the WCJ's interpretation of section 3360 is correct, it should not have been applied in the instant "factual situation," since labor was not the principal purpose of the partnership in that equipment was

also furnished, and the association between applicant and Valle was previously in existence and not formed to do this particular piece of work.

▮▮▮ Petitioner Guzman correctly contends that the WCAB erred in rescinding the WCJ's findings.

Preliminarily, we note that Union, to meet its burden of proving independent contractor status (Lab. Code, § 5705) in order to overcome the presumption of employee status (Lab. Code, § 3357), presented testimony of Mr. Goodwin. Although Mr. Goodwin disclaimed any control by Union in supervising the work, he also revealed some control by Union and its dealer over the work. However, we cannot conclude, as a matter of law, that Union exercised such control as to negate independent contractor status of the partnership, especially in view of the findings of both the WCJ and WCAB that independent contractor status existed.

Thus, we turn to the crucial issue whether section 3360 applies to the herein partnership acting as an independent contractor, an issue upon which the WCJ and WCAB reached opposite conclusions.

As correctly noted by the WCJ, the Legislature has in clear, unambiguous language, broad in scope, declared that "Workmen associating themselves under a partnership agreement, the principal purpose of which is the performance of the labor on a particular piece of work are employees of the person having such work executed." (Lab. Code, § 3360.) The clear import of that statutory declaration is that it applies to all partnerships, regardless of whether the partnership is acting as employee, independent contractor or otherwise. Had the Legislature intended to limit the statute to exclude partnerships acting in certain capacities, it would have been simple for the Legislature to so provide.

Furthermore, as the WCJ correctly reasoned, section 3360 is consistent with the basic scheme of the workers' compensation law to ensure protection to a particular class of workers. (See Cal. Const., art. XIV, § 4; Lab. Code, § 3201.) Section 3360 must, of course, "be liberally construed by the courts with the purpose of extending [its] benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.)

In fact, the WCAB itself has in effect construed section 3360 to apply to a partnership acting as independent contractor. (See *Commercial Union As-*

*surance Companies* v. *Workers' Comp. Appeals Bd.* (*Vandermolen*) (1976) 41 Cal.Comp.Cases 56.)[2]

Consequently, we conclude that the WCJ correctly interpreted section 3360 to apply to the herein partnership acting as independent contractor; and thus, the WCAB erred in construing section 3360 to the contrary.

■ The WCAB further erred in concluding that even assuming correctness of the WCJ's interpretation of section 3360, it should not have been applied to the instant case because (1) labor was not the principal purpose of the partnership inasmuch as equipment was also provided, and (2) the association between applicant and Valle was previously in existence and was not formed to do this particular piece of work.

The WCAB's assertions of fact, in both respects, do not comport with the evidence herein. First, labor was obviously the principal purpose of the partnership since applicant's association was obtained by reason of his expertise in tree trimming. The mere fact that Valle supplied tools and applicant used his own chain saw did not negate the primary purpose of labor. Second, there was no evidence of an ongoing partnership between applicant and Valle. The evidence merely shows that on a few previous occasions applicant had helped Valle on some of the piecework jobs obtained by Valle. Moreover, the WCAB's conclusion in this regard is directly contrary to its conclusion in *Vandermolen, supra,* 41 Cal.Comp.Cases 56.

The WCAB, of course, was required on reconsideration to state the evidence and specify in detail the reasons for its decision rescinding the WCJ's findings and award (Lab. Code, § 5908.5); and where, as here, the WCAB misstates the evidence and specifies erroneous reasons, its decision must be annulled. (*City of Santa Ana* v. *Workers' Comp. Appeals Bd.* (1982) 128 Cal.App.3d 212, 219 [180 Cal.Rptr. 125].)

■ Union claims further that section 3360 should not apply because Union was unaware of the existence of the partnership, and that if the section is construed "in total without any confinement of its application," it is "patently unconstitutional."

---

[2]In its opinion on reconsideration herein, the WCAB first sought to distinguish its *Vandermolen* decision, and then concluded that if *Vandermolen* does stand for the proposition that section 3360 applies to partnerships acting as independent contractors, then "the Vandermolen decision would be wrong, and we would disapprove and decline to follow it."

In that respect, we note that the Court of Appeal summarily denied petition for writ of review in *Vandermolen.* (*Commercial Union Assurance Companies* v. *Workers' Comp. Appeals Bd.,* 2d Civ. No. 47368, Jan. 28, 1976.)

We first note that the evidence does not necessarily show that Union was unaware of the partnership. Union's representative, Mr. Goodwin, testified, inter alia, that the bid was submitted through Union dealer Rick Shields and that it was Goodwin's "impression from this deal that Mr. Valle and Mr. Guzman [applicant] were going to do this job and that they were independent contractors."

In any event, Union cites no authority for its proposition that section 3360 is unconstitutional. As previously stated, section 3360 is part of a comprehensive scheme for protection of workers enacted by the Legislature pursuant to the police power (Lab. Code, § 3201) and the express authorization of article XIV, section 4 of the California Constitution. ▮ In so doing, the Legislature had broad powers to classify workers, such as it chose to do in protecting the class of workers defined in section 3360, and the Legislature's decision in that regard will not be overthrown by the courts unless it is palpably arbitrary and beyond a reasonable doubt erroneous. (*Saal* v. *Workmen's Comp. Appeals Bd.* (1975) 50 Cal.App.3d 291, 300 [123 Cal.Rptr. 506].) ▮ Union has not met its burden of showing that the statutory classification is arbitrary. (*Mathews* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 719, 738 [100 Cal.Rptr. 301, 493 P.2d 1165].) Union was not denied due process of law or equal protection of the laws.[3]

The September 21, 1983, order of respondent Workers' Compensation Appeals Board denying Jose Guzman's petition for reconsideration, and its June 1, 1983, finding and order rescinding the April 12, 1983, findings and award of the workers' compensation judge are annulled; and the matter is remanded for further proceedings consistent with the views expressed herein.

Abbe, J., and Gilbert, J., concurred.

The petition of respondent Union Oil Company of California for a hearing by the Supreme Court was denied October 3, 1984.

---

[3]Since no evidence was presented or issue raised before the Board as to whether Valle or applicant had a contractor's license to do work of the type in question, we do not review applicant's contention regarding such license which he seeks to raise for the first time on review.